# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-598V

| | |
|---|---|
| CHRISTOPHER HOY,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: October 10, 2025 |

*Robert Joel Krakow*, Law Office of Robert J. Krakow, P.C. New York, NY, for Petitioner.

*Austin Joel Egan*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On April 27, 2023, Christopher Hoy filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Table injury – Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to him on October 28, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 14, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On October 10, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $225,000.00 for pain and suffering, $7,937.08 for past unreimbursable expenses, and $27,851.68 for past lost wages. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $260,788.76, (representing $225,000.00 for pain and suffering, $7,937.08 for past unreimbursable expenses, and $27,851.68 for past lost wages) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| CHRISTOPHER HOY, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 23-598V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER OF DAMAGES**

On April 28, 2023, Christopher Hoy ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered from Guillain-Barre Syndrome ("GBS"), as defined in the Vaccine Injury Table, following administration of an influenza ("flu") vaccine he received on October 28, 2020. Petition at 1. On May 8, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act as a Table GBS injury, and on May 14, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner was entitled to compensation. ECF Nos. 45-46.

**I.      Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

　　　　A.      Pain and Suffering

Respondent proffers that petitioner should be awarded **$225,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$7,937.08**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

C.     Past Lost Wages

Evidence supplied by petitioner documents that he incurred past lost wages related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past lost wages in the amount of **$27,851.68**.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.    Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment, as described below, and request that the Chief Special Master's decision and the Court's judgment award the following[1]:

A lump sum payment of **$260,788.76**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Christopher Hoy.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

2

          HEATHER L. PEARLMAN
          Deputy Director
          Torts Branch, Civil Division

          LARA A. ENGLUND
          Assistant Director
          Torts Branch, Civil Division

          <u>/s/ AUSTIN J. EGAN</u>
          Austin J. Egan
          Trial Attorney
          Torts Branch, Civil Division
          U.S. Department of Justice
          P.O. Box 146, Ben Franklin Station
          Washington, DC 20044-0146
          Tel: (202) 451-7479
          Austin.J.Egan@usdoj.gov

Date:  October 10, 2025