# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-598V

|  |  |
|---|---|
| CHRISTOPHER HOY, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: June 17, 2026 |

*Robert Joel Krakow, Law Office of Robert J. Krakow, P.C. New York, NY, for Petitioner.*

*Austin Joel Egan, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 27, 2023, Christopher Hoy filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza vaccination he received on October 28, 2020. Petition, ECF No. 1. On May 14, 2024, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 46. On October 10, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's Proffer. ECF No. 88.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $109,954.36 (representing $108,550.21 in fees plus $1,404.15 in costs). Petitioner's Final Motion for Attorneys' Fees and Costs ("Motion") filed February 25, 2026, ECF No. 93. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 93-5.

Respondent reacted to the Fees Motion on March 9, 2026, stating that he is satisfied the statutory requirements for an award of fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. However, Respondent considers the hours and fees billed to this matter excessive, and urges the Court to consider an overall percentage reduction. Respondent's Response to Motion at ECF No. 99. Also, on March 9, 2026, Petitioner filed a reply to Respondent's response addressing the hours and fees billed and requesting that the amount of fee and costs in the Motion be awarded. ECF No. 100.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of attorney's fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs*., 24 Cl. Ct. 482, 484 (1991). The petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for attorney work performed through 2024 are reasonable and consistent with our prior determinations and will therefore be awarded herein. The rate requested for work performed in 2025 by attorney Robert Krakow, however, requires adjustment.

Petitioner requests $627.00 per hour for work performed in 2025 by attorney Krakow. But Mr. Krakow was previously awarded a lesser rate than requested herein ($584.00 for his time billed in 2025). *See I.J. v. Sec'y of Health & Hum. Servs*., No. 16-864, 2021 WL 3627107 (Fed. Cl. Spec. Mstr. July 20, 2021); *Kotch v. Sec'y of Health & Hum. Servs*., No. 19-675, 2025 WL 1012834 (Fed. Cl. Spec. Mstr. February 27, 2025); *Leming v. Sec'y of Health & Hum. Servs*., No. 18-0232V, slip op. (Fed. Cl. June 8, 2026).

I find no reason to deviate from those determinations, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. *See Jefferson v. Sec'y of Health & Hum. Servs*., No. 19-1882, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce the rates to be consistent with *I.J., Kotch, and Leming*. **Application of the foregoing reduces the attorney's fees to be awarded by $1,795.25.**[3]

Additionally, Petitioner has requested the hourly rate of $677.00 for work performed in 2026 by attorney Robert Krakow, representing a rate increase of $93.00 from the previous year. Although such a rate increase is significant as a year-to-year matter, it is reasonable given that no increase occurred in 2025. Accordingly, I find the proposed rate increase to be acceptable, and it is hereby awarded herein.

---

[3] This amount consists of reducing Robert Krakow's rates for 2025 and is calculated as follows: ($627.00 - $584.00 = $43.00 x 41.75 hrs.) = $1,795.25.

3

The total time spent on the matter is also subject to adjustment. Numerous tasks performed in this matter would more properly be billed using a paralegal rate.[4] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate."  *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at \*21 (Fed. Cl. Spec. Mstr. June 15, 2009).  "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at \*9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). In some instances, Petitioner's counsel notated correctly that the task was to be billed at a paralegal rate yet still billed the attorney rate.

Also, the billing records submitted by Petitioner contain multiple entries that are vague, and the relevance of the tasks performed to the claim's prosecution is not apparent. Special Masters have previously decreased awards of attorney's fees for vagueness. *See*, e.g., *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969 (Fed. CL. Spec. Mstr. Feb. 4, 2016); *Barry v. Sec'y of Health & Human Servs.*, No. 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by *ten* percent due to vague billing entries). An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *See*, e.g., *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, 2009 WL 2568468 (Fed. Cl. Spec. Mast. June 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. *Id*. at \*8. Examples of vague billing entries include line items listed as; "/2", ".5", ".3", and ".2". ECF No. 98-1 at 77, 84, 88, and 99.

In addition, I take into account the overall excessive amount of fees requested in this matter. The claim was successfully settled within two years of filing, without a great deal of litigious back-and-forth, experts, or briefing. And it involved a very commonly-litigated Table claim (GBS after an influenza vaccine's administration). Yet Petitioner's counsel billed approximately $50,000.00 in fees prior to Respondent filing his Rule 4(c) Report, with nearly $50,000.00 more until the Proffer. An example of the overbilling is

---

[4] Entries considered paralegal in nature include drafting requests for medical records, following up on medical records requests, and drafting basic documents such as an exhibit list, PAR questionnaire, notice of filing, notice of intent, statement of completion, cover sheet, joint notice not to seek review. Entries that include paralegal tasks billed at an attorney rate include the following: 5/8/2021, 5/25/2022, 6/21/2022, 6/22/2022, 7/5/2022, 12/9/2022, 1/14/2023, 1/19/2023, 2/21/2023, 5/10/2023, 6/15/2023, 6/20/2023, 8/3/2023, 8/4/2023, 10/10/2025, 10/15/2025, 1/18/2026. ECF No. 98-1 at 1-113.

4

evidenced by the approximately 20.95 hours billed by Petitioner's counsel to draft the demand.

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments.

Here, such an overall percentage cut is reasonable, and preferrable to a time-consuming line-by-line review of the bill. I therefore reduce the total fees to be awarded herein by ***fifteen* percent** of the already-calculated attorney's fees (based on the aforementioned rates) as a fair adjustment to account for the paralegal duties and vague entries mentioned, as well as the total unreasonable amount billed to the matter. **Application of the foregoing reduces the total amount of attorney fees to be awarded by $16,013.24**.[5]

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 93-4 at 1-19. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $92,145.87 (representing $90,741.72 in fees plus $1,404.15 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[6]

---

[5] This amount is calculated as follows: $106,754.96 x 0.15 = $16,013.24.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master